UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

WENDY SOWAH,
    Debtor.             /

Case No: 23-13516-LMI
Chapter 13

### DEBTOR'S EXPEDITED VERIFIED MOTION TO EXTEND AUTOMATIC STAY UNDER 11 USC 362 (c)(3)(A)

*(An expedited hearing on this motion is requested because the Debtor had a prior case dismissed within a year so this motion must be heard within the first 30 days of her case and the Judge's regular Chapter 13 Motion Calendar is on June 6, 2023 which is more than 30 days after the petition was filed. Accordingly, a hearing date is requested on or prior to June 2, 2023.)*

The Debtor, WENDY SOWAH, (the "Debtor"), moves for entry of an Order extending the automatic stay with respect to all of her creditors pursuant to 11 U.S.C. § 362(c)(3), and provides the following in support thereof:

1.    On April 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code before the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court") in the case styled as *in re Wendy Sowah Case No.:23-13516-LMI* (the "Current Bankruptcy Case").

2.    During the one-year period prior to the Petition Date, the Debtor had one other bankruptcy case before the Bankruptcy Court, Case No.: 23-12008-LMI which was dismissed, on April 13, 2023, for failure to timely file a Chapter 13 Plan, Schedules and other required documents (DE#21).

3.    The purpose of the prior filing was for the Debtor to recover her then repossessed vehicle, 2019 Jeep Compass Limited 4D SUV 4WD, Vin# 3C4NJDCBZKT791144.

4. The Debtor filed her previous case as *Pro Se*, she was not familiar with our court's rules and deadlines.

5. Ms. Sowah has now hired competent counsel.

## Legal Analysis

6. A debtor with one dismissed Chapter 13 case during the preceding year of any new filing is entitled to a temporary 30-day automatic stay upon filing. 11 U.S.C. § 362(c)(3)(A). However, the Court may extend the automatic stay where the debtor rebuts, by clear and convincing evidence, the presumption that the case was filed in bad faith. 11 U.S.C. § 362(c)(3)(B). A debtor must show either "a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the latter case will be concluded… with a confirmed plan that will be fully performed." 11 U.S.C. § 362(c)(3)(C)(III)(bb).

7. Unlike her previous case, all required initial Schedules, Statements and Plan have been filed and Debtor's schedules and proposed Chapter 13 Plan do reflect her ability and willingness to confirm a plan and ensure its full performance.

8. Therefore, for the above reasons, Debtor asserts that this case was filed in good faith.

9. Accordingly, it is appropriate under these circumstances for the Court to enter an Order extending the automatic stay as to all the Debtor's creditors in the Current Bankruptcy Case.

WHEREFORE the Debtor, WENDY SOWAH, respectfully requests the entry of an Order Extending the Automatic Stay as to all creditors, pursuant to 11 U.S.C. §362(c)(3)(B), and for any other relief that this Court deems just and proper.

Respectfully submitted on this 5th day of May, 2023

**VAN HORN LAW GROUP, P.A.**
500 NE 4th Street Suite 200
Fort Lauderdale, Florida 33301
(954) 765-3166
(954) 756-7103 (facsimile)
chad@cvhlawgroup.com
By: /s/ Chad T. Van Horn, Esq.
Chad. Van Horn, Esq.
FL Bar 64500

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

The undersigned, WENDY SOWAH, declares under penalty of perjury under the laws of the United States of America, that the foregoing *Verified Motion to Extend the Automatic Stay Under 11 USC 362 (c)(3)(A)* and further states that the facts and circumstances set forth therein are true and correct.

Dated: May 5, 2023

Debtor:

_____
WENDY SOWAH